**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmd.uscourts.gov

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 6:20-cv-00164 |
| v. | ) | |
| | ) | |
| GEORGE MANDRAS, | ) | |
| JACQUELINE MANDRAS, | ) | |
| SUNTRUST BANK, BAY HILL PROPERTY | ) | |
| OWNERS ASSOCIATION, INC., | ) | |
| PLANTATION PARK PRIVATE | ) | |
| RESIDENCES CONDOMINIUM | ) | |
| ASSOCIATION, INC., and | ) | |
| the ORANGE COUNTY TAX COLLECTOR, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**

The United States of America brings this action against George Mandras to collect his

federal income tax liabilities for 2003 through 2005 and 2008, and against Jacqueline Mandras to

collect funds fraudulently transferred to her by Mr. Mandras, and to enforce federal tax liens and

judgment liens against two parcels of real property in Orlando, Florida.

Accordingly, the United States complains and alleges as follows:

**AUTHORIZATION**

1.      This action has been authorized by the Chief Counsel of the Internal Revenue

Service ("the Service"), a delegate of the Secretary of the Treasury, and is brought at the

direction of the Attorney General of the United States, in accordance with 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

2.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 (internal revenue laws) and 1345 (United States as plaintiff) and 26 U.S.C. § 7402(a) (render judgments).

3.      Venue is proper in the Orlando Division pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the taxpayer resides here and the real property at issue is located here.

## SUBJECT PROPERTIES

4.      The Donegal Drive Property is the real property located at 6215 Donegal Drive in Orlando, Florida, which is more particularly described as:

> **Lot 44, BAY HILL SECTION 2, according to that certain plat as recorded in Plat Book 2, Page(s) 9, Public Records of Orange County, Florida.**

5.      The Plantation Park Circle Property is the real property located at 13028 Plantation Park Circle, Unit 1212, in Orlando, Florida, which is more particularly described as:

> **Condominium Unit 1212, PLANTATION PARK PRIVATE RESIDENCES, a Condominium, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof recorded in Official Record Book 8252, Page 2922, as amended from time to time, and as recorded in Condominium Book 37, Pages 50 through 81, of the Public Records of Orange County, Florida., 13028 Plantation Park Circle #1212, Orlando FL 32821.**

6.      The Donegal Drive Property and the Plantation Park Circle Property are referred to collectively as the Subject Properties.

## PARTIES

7.      The United States of America is a sovereign body politic.

8.      George Mandras is a natural person residing in Orange County, Florida.  The United States seeks a judgment against Mr. Mandras in this action, and he may claim an interest in the Subject Properties pursuant to 26 U.S.C. § 7403 (b).

9.      Jacqueline Mandras is a natural person residing in Orange County, Florida.  The United States seeks a judgment against Mrs. Mandras in this action, and she may claim an interest in the Subject Properties pursuant to 26 U.S.C. § 7403 (b).

10.      SunTrust Bank is a foreign corporation registered with the Florida Department of State and doing business in the State of Florida.  SunTrust Bank may claim an interest in the Donegal Drive Property pursuant to 26 U.S.C. § 7403 (b).

11.      The Bay Hill Property Owners Association, Inc. is a Florida non-profit corporation that may claim an interest in the Donegal Drive Property pursuant to 26 U.S.C. § 7403 (b).

12.      The Plantation Park Private Residences Condominium Association, Inc. is a Florida non-profit corporation that may claim an interest in the Plantation Park Circle Property pursuant to 26 U.S.C. § 7403 (b).

13.      The Orange County Tax Collector is an elected officer of the State of Florida charged with the collection of local taxes, including *ad valorem* taxes.  The Tax Collector may claim an interest in the Subject Properties pursuant to 26 U.S.C. § 7403 (b).

## FACTS

### *Criminal Prosecution of George Mandras*

14.      From 2003 to 2006, George Mandras was employed by Johnson and Johnson Services, Inc. as a sales manager.

15.     During that time, George Mandras engaged in a scheme to defraud his employer by submitting fraudulent invoices for payment.

16.     Beginning in 2003, Mr. Mandras knowingly and fraudulently failed to report his income from this criminal activity on his federal income tax returns and failed to pay the federal income tax due on such income.

17.     On October 31, 2008, George Mandras signed a plea agreement with the United States in which he agreed to file accurate amended returns or an appropriate waiver for tax years 2003 through 2005 and pay all tax and penalties owed for those years, or make satisfactory repayment arrangements with the Service, prior to the date of his sentencing.  *United States v. Mandras,* No. 2:09-cr-00448, ECF No. 6 at 4 (D.N.J. June 16, 2009).  Mr. Mandras also agreed to make full restitution to Johnson & Johnson for losses resulting from his crimes.  *Id.* at 2.

18.     On June 16, 2009, the United States filed a criminal information against George Mandras alleging one count of mail fraud and one count of income tax fraud in violation of 28 U.S.C. § 1341 and 26 U.S.C. § 7201, respectively.  No. 2:09-cr-00448-WJM, ECF No. 1.

19.     On March 9, 2010, the district court found George Mandras guilty on both counts. Mr. Mandras was sentenced to imprisonment for 9 months on each count, to run concurrently, and ordered to pay restitution in the amount of $871,637.  No. 2:09-cr-00448-WJM, ECF No. 9.

### Efforts to Conceal Assets and Hinder Collection

20.     George Mandras and Jacqueline Mandras were married at all times relevant to this Complaint, and remain married to date.  They have two children together—Lauren and Christopher.

21.     George and Jacqueline Mandras have taken steps, on several occasions, to conceal their assets and hinder attempts to collect Mr. Mandras's unpaid income tax.

22.     The United States now sues to enforce its liens against such assets and/or set aside the fraudulent transfers of such assets in order to collect Mr. Mandras's unpaid income tax.

### The Donegal Drive Property

23.     On August 26, 2002, George and Jacqueline Mandras acquired the Donegal Drive Property by warranty deed, which was recorded on August 29, 2002, in Book 6603, on Page 2696 of the public records of Orange County.

24.     On April 23, 2007, George Mandras transferred his entire interest in the Donegal Drive Property to Jacqueline Mandras by quitclaim deed, which was recorded on July 5, 2007, in Book 9334, on Page 230 of the public records of Orange County.

25.     George Mandras's interest in the Donegal Drive Property had value at the time of the transfer.

26.     George Mandras received no consideration as part of the transfer.

27.     No documentary stamp tax was paid upon the recording of the quitclaim deed described in paragraph 24 above.

28.     After the transfer described in paragraph 24, George Mandras continued to enjoy beneficial ownership and control over the Donegal Drive Property.

    a.     Mr. Mandras continued to reside at the Donegal Drive Property.

    b.     Mr. Mandras continued to use the Donegal Drive Property as his address of record on his Florida State Driver's license and vehicle registration(s).

    c.     Mr. Mandras continued to use the Donegal Drive Property as his address of record in articles of incorporation filed with the Florida Secretary of State for several entities shown in the table below.

| ENTITY NO. | ENTITY NAME | DATE FILED |
|---|---|---|
| L07000062673 | The Natural Skin Care Company, LLC | 06/14/2007 |
| L08000072778 | Professional Hair Care.Com, LLC | 07/29/2008 |
| L12000048155 | Unique Sales and Marketing FL, LLC | 04/09/2012 |
| L15000121955 | Unique Sales and Marketing FL L.L.C. | 07/16/2015 |
| L17000072226 | Flex Beauty Labs, LLC | 03/30/2017 |
| P19000069645 | C and L Imports USA Inc. | 08/30/2019 |

d.      Mr. Mandras commissioned improvements to the Donegal Drive Property while representing himself to be the owner.  He signed a Notice of Commencement of improvements to the Donegal Drive Property, which described him as the property's owner.  This Notice was recorded on October 13, 2017, as Document Number 20170561912, in the public records of Orange County.

e.      Mr. Mandras made an offer in compromise to the Service to resolve the tax liabilities at issue, and proposed to fund that offer by drawing on a home-equity loan secured by the Donegal Drive Property.  He described the property as being owned by both him and his spouse, Jacqueline Mandras.

### Proceeds from Liquidation of J&J Retirement Savings Plan

29.      As a benefit of his employment with Johnson and Johnson Services, Inc., Mr. Mandras had a retirement savings plan.

30.      On or about February 20, 2008, Mr. Mandras cashed out all the assets held in that retirement savings plan, which resulted in a withdrawal of $230,661.53.

31.      Of that amount, $46,132.31 was withheld for payment of federal taxes.

32.      The remaining $184,529.22 was transferred into a Bank of America checking account (ending in 0481) in the name of Jacqueline Mandras.

33.     Jacquline Mandras was the only authorized signer or user of that Bank of America checking account (ending in 0481).

34.     Mr. Mandras transferred his entire interest in the Johnson and Johnson retirement savings plan to Jacqueline Mandras.

35.     Mr. Mandras received no consideration as part of this transfer.

### Proceeds from Sale of the 7th Avenue Property

36.     George and Jacqueline Mandras, as husband and wife, purchased a residence located at 149-11 7th Avenue in Whitestone, New York ("the 7th Avenue Property") in 1994.

37.     On or about November 17, 2009, George and Jacqueline Mandras received proceeds of $394,636.33 from the sale of the 7th Avenue Property.

38.     They first deposited those proceeds into a jointly-held account at Bank of America, and then transferred the same amount—$394,636.33—into a checking account and a savings account solely owned and controlled by Jacqueline Mandras, as follows.

    a.      First, on or about November 20, 2009, George and Jacqueline Mandras transferred $67,328.95 out of their jointly-held account and into a Bank of America checking account (ending in 0481) in the name of Jacqueline Mandras.

    b.      Jacquline Mandras was the only authorized signer or user of that Bank of America checking account (ending in 0481).

    c.      The remaining $327,636.33 was transferred to a Bank of America money market savings account (ending in 9976) in the name of Jacqueline Mandras, i/t/f Christopher Mandras and Lauren Mandras.

    d.      Jacqueline Mandras was the only authorized signer or user of that Bank of America money market savings account (ending in 9976).

39.     With these two transactions, George Mandras transferred his entire interest in the proceeds from the sale of the 7th Avenue Property to Jacqueline Mandras.

40.     George Mandras received no consideration as part of this transfer.

### *The Plantation Park Circle Property*

41.     On March 12, 2010, Jacqueline Mandras acquired the Plantation Park Circle Property by special warranty deed, which was recorded on March 19, 2010, in Book 10017, Page 4154 of the public records of Orange County.

42.     Jacqueline Mandras used $50,183.14 of the proceeds from the sale of the 7th Avenue Property to purchase the Plantation Park Circle Property.

43.     George Mandras's mother, Helen Mandras, resided at the Plantation Park Circle Property until her death in 2015.

44.     The Plantation Park Circle Property is not currently encumbered by any other lien.

### COUNT I
### (To Reduce Income Tax Liabilities to Judgment)

45.     For tax years 2003 through 2005, George and Jacqueline Mandras filed joint individual federal income tax returns (Forms 1040—United States Income Tax Return for Individuals).

46.     George Mandras failed to disclose the income from his criminal activity on the couple's income tax returns, and also failed to pay the tax due on that income.

47.     As contemplated by his plea agreement with the United States, a delegate of the Secretary of the Treasury assessed the tax due on George Mandras's unreported income for tax years 2003 through 2005, plus interest, penalties, and other statutory additions, as shown in the table below.

| TAX YEAR | ASSESSMENT DATE | TYPE OF ASSESSMENT | AMOUNT |
|---|---|---|---|
| 2003 | 04/07/2010 | Tax Assessed by Exam | $63,034.00 |
| | | Fraud Penalty | $47,275.50 |
| | | Interest | $27,151.03 |
| | 10/24/2011 | Late Payment Penalty | $9,770.27 |
| | 09/02/2013 | Late Payment Penalty | $5,976.80 |
| | 02/16/2015 | Interest | $49,233.83 |
| 2004 | 09/06/2010 | Tax Assessed by Exam | $41,758.00 |
| | | Fraud Penalty | $31,318.50 |
| | | Interest | $26,795.14 |
| | | Interest | $76.64 |
| | 10/24/2011 | Late Payment Penalty | $4,175.80 |
| | 09/02/2013 | Late Payment Penalty | $6,263.70 |
| | | Interest | $10,260.54 |
| | 04/27/2015 | Interest | $6,421.83 |
| 2005 | 08/17/2010 | Tax Assessed by Exam | $72,333.00 |
| | | Fraud Penalty | $54,249.00 |
| | | Interest | $35,470.87 |
| | 10/24/2011 | Late Payment Penalty | $7,594.96 |
| | 09/02/2013 | Late Payment Penalty | $10,488.28 |
| | 04/27/2015 | Interest | $27,704.73 |

48.     For tax year 2008, George Mandras filed an individual federal income tax return (Form 1040—United States Income Tax Return for Individuals) untimely, and separately from Jacqueline Mandras.

49.     On his untimely return, George Mandras reported that he owed federal income taxes for tax year 2008, but he did not remit payment of the amount owed with his return.

50.     As a result, a delegate of the Secretary of the Treasury assessed against George

Mandras the income tax liability he reported as due for tax year 2008, plus interest, penalties,

and other statutory additions, as shown in the table below.

| Tax Year | Assessment Date | Type of Assessment | Amount |
|---|---|---|---|
| 2008 | 07/12/2010 | Tax Owed Per Return | $93,953.00 |
| | | Late Filing Penalty | $10,759.72 |
| | | Late Payment Penalty | $3,586.57 |
| | | Interest | $2,756.91 |
| | 09/02/2013 | Late Payment Penalty | $8,368.68 |
| | | Interest | $6,955.69 |
| | 04/27/2015 | Interest | $4,238.15 |

51.     A delegate of the Secretary of Treasury properly gave Mr. Mandras notice of the

liabilities described in paragraphs 47 and 50 above, and made demand for payment as provided

by law.

52.     Despite notice and demands for payment, and the representations made in his plea

agreement, to date Mr. Mandras has failed to pay fully the tax, interest, penalties, and other

statutory additions assessed against him.

53.     As of January 31, 2020, George Mandras owes the United States $763,204.14 in

income taxes, interest, penalties, and other additions for tax years 2003 through 2005 and 2008,

plus statutory additions and interest that continue to accrue until payment in full.

**COUNT II**
**(To Set Aside Fraudulent Transfer of**
**George Mandras's Interest in the Donegal Drive Property)**

54.     When George Mandras transferred his entire interest in the Donegal Drive

Property to Jacqueline Mandras on April 23, 2007, he had accrued income tax liabilities for tax

years 2003 to 2005.

55.     The United States had a right to payment of those liabilities, which were later assessed as described in paragraph 47 above.

56.     At the time of the transfer, George Mandras knew that he had defrauded his employer, Johnson & Johnson, by submitting fraudulent invoices for payment.  Mr. Mandras also knew that he had knowingly and fraudulently failed to report his income from this criminal activity on his federal income tax returns and failed to pay the federal income tax due on such income.

57.     At the time of the transfer, George Mandras believed, or reasonably should have believed, that he would incur debts beyond his ability to pay as they came due.

58.     George Mandras was insolvent at the time of the transfer, because the sum of his debts was greater than a fair valuation of all his assets.  *See* Fla. Stat. Ann. § 726.103 (1).

59.     Moreover, George Mandras was generally not paying his debts as they became due.  *See id.* at (2).  For instance, at the time of the transfer, Mr. Mandras had failed to—

a.      pay his federal income taxes for tax years 2003 through 2005, including the tax due on his income from criminal activity; and

b.      reimburse Johnson and Johnson Services, Inc. for the losses the company incurred as the result of his fraudulent scheme.

60.     George Mandras transferred his interest in the Donegal Drive Property to Jacqueline Mandras with actual intent to hinder, delay, or defraud the United States.  *See* Fla. Stat. Ann. § 726.105 (1)(a).

61.     Alternatively, George Mandras transferred his interest in the Donegal Drive Property to Jacqueline Mandras without receiving a reasonably equivalent value in exchange for the transfer.  *See* Fla. Stat. Ann. § 726.105 (1)(b).

62.     Consequently, the United States may set aside the fraudulent transfer of George Mandras's interest in the Donegal Drive Property to Jacqueline Mandras.

63.     As a result of the assessments described in paragraphs 47 and 50 above, federal tax liens arose in favor of the United States and attached to all property and rights to property belonging to George Mandras, including his interest in the Donegal Drive Property.  *See* 26 U.S.C. §§ 6321, 6322.

64.     Fraudulently transferring property to another does not prevent a federal tax lien from attaching to such property.

65.     The United States is entitled to enforce its tax liens against George Mandras's interest in the Donegal Drive Property.  The United States is further entitled to an order determining the percentage of Mr. Mandras's interest in the Donegal Drive Property, and a decree permitting the Government to sell such property and apply the proceeds to the underlying federal tax liabilities.  *See* 26 U.S.C § 7403 (c).

## COUNT III
### (To Enforce Federal Tax Liens Against the Donegal Drive Property)

66.     George Mandras transferred his entire interest in the Donegal Drive Property to Jacqueline Mandras on April 23, 2007, in order to conceal this asset and hinder collection by the United States.

67.     Despite the purported transfer of his entire interest in the Donegal Drive Property, George Mandras continued to enjoy beneficial ownership and control over that property.

68.     Since April 23, 2007, Jacqueline Mandras has held George Mandras's interest in the Donegal Drive Property as his nominee.

69.     Federal tax liens arose in favor of the United States on the dates and in the amounts of each assessment described in paragraphs 47 and 50 above.  These statutory liens

attached to all property and rights to property belonging to George Mandras, including his interest in the Donegal Drive Property.  *See* 26 U.S.C. §§ 6321, 6322.

70.     Transferring property to a nominee does not prevent a federal tax lien from attaching to such property.

71.     The United States gave notice to the public of the federal tax liens that attached to the Donegal Drive Property, and further gave notice that Jacqueline Mandras's nominal ownership of George Mandras's interest in the Donegal Drive Property did not defeat such federal tax liens.  *See infra* paragraphs 75 and 76.

72.     The United States is entitled to enforce its tax liens against George Mandras's interest in the Donegal Drive Property.  The United States is further entitled to an order determining the percentage of Mr. Mandras's interest in the Donegal Drive Property, and a decree permitting the Government to sell the Property and apply the proceeds to Mr. Mandras's federal tax liabilities.  *See* 26 U.S.C § 7403 (c).

## COUNT IV
### (To Determine Priority of Claims to the Donegal Drive Property)

73.     On April 27, 2010, the United States Attorney's Office for the District of New Jersey filed a notice of restitution judgment lien against George Mandras in the amount of $871,837.00, plus penalties that may accrue as a matter of law, pursuant to 18 U.S.C. § 3613. This lien was recorded in Book 10035, on Page 5116 of the public records of Orange County.

74.     On May 10, 2010, Jacqueline Mandras granted a mortgage to SunTrust Bank, secured by the Donegal Drive Property, for use with a secured revolving line of credit.  This mortgage was recorded on June 12, 2012, in Book 10390, on Page 2899 of the public records of Orange County.

75.     On April 17, 2012, a delegate of the Secretary of Treasury properly recorded Notices of Federal Tax Liens against George Mandras in the public records of Orange County pursuant to 26 U.S.C. § 6323 (f) and Fla. Stat. Ann. § 713.901, as shown in the table below.

| SLID No. | TAX TYPE | PERIOD ENDING | ASSESSMENT DATE | FILING LOCATION |
|----------|----------|---------------|-----------------|-----------------|
| 861853712 | 1040 | 12/31/2003 | 04/07/2010 | Book 10365, Page 4482 |
|           |      | 12/31/2004 | 09/06/2010 |                       |
|           |      | 12/31/2005 | 08/17/2010 |                       |

76.     On July 16, 2012, a delegate of the Secretary of Treasury properly recorded Notices of Federal Tax Liens against Jacqueline Mandras, as a nominee of George Mandras, in the public records of Orange County pursuant to 26 U.S.C. § 6323 (f) and Fla. Stat. Ann. § 713.901, as shown in the table below.

| SLID # | TAX TYPE | PERIOD ENDING | ASSESSMENT DATE | FILING LOCATION |
|--------|----------|---------------|-----------------|-----------------|
| 71207440 | 1040 | 12/31/2003 | 04/07/2010 | Book 10409, Page 8886 |
|          |      | 12/31/2004 | 09/06/2010 |                       |
|          |      | 12/31/2005 | 08/17/2010 |                       |
|          |      | 12/31/2008 | 07/12/2010 |                       |

77.     By virtue of the Notice of Federal Tax Liens filed against Jacqueline Mandras, as a nominee of George Mandras, the federal tax liens described in paragraph 76 above have priority over the United States' restitution judgment lien with regard to the Donegal Drive Property.

78.     The federal tax liens described in paragraph 76 also have priority over the balance due on the mortgage granted to SunTrust Bank to the extent provided by 26 U.S.C. § 6323 (d).

79.     The United States is entitled to an order determining the merits and relative priority of all liens upon the Donegal Drive Property consistent with the allegations above.  *See* 26 U.S.C § 7403 (c).

## COUNT V
### (To Set Aside Fraudulent Transfer of George Mandras's
### Interest in Proceeds from Liquidation of J&J Retirement Savings Plan)

80.     When George Mandras transferred his entire interest in the Johnson and Johnson retirement savings plan to Jacqueline Mandras on or about February 20, 2008, he had accrued income tax liabilities for tax years 2003 to 2005.

81.     The United States had a right to payment of those liabilities, which were later assessed as described in paragraph 47 above.

82.     At the time of the transfer, George Mandras believed, or reasonably should have believed, that he would incur debts beyond his ability to pay as they came due.

83.     George Mandras was insolvent at the time of the transfer, because the sum of his debts was greater than a fair valuation of all his assets.  *See* Fla. Stat. Ann. § 726.103 (1).

84.     Moreover, George Mandras was generally not paying his debts as they became due.  *See id.* at (2).  For instance, at the time of the transfer, Mr. Mandras had failed to—

      a.     pay his federal income taxes for tax years 2003 through 2005, including the tax due on his income from criminal activity; and

      b.     reimburse Johnson and Johnson Services, Inc. for the losses the company incurred as the result of his fraudulent scheme.

85.     George Mandras transferred his interest in the Johnson and Johnson retirement savings plan to Jacqueline Mandras with actual intent to hinder, delay, or defraud the United States.  *See* Fla. Stat. Ann. § 726.105 (1)(a).

86.    Alternatively, George Mandras transferred his interest in the Johnson and Johnson retirement savings plan to Jacqueline Mandras without receiving a reasonably equivalent value in exchange for the transfer.  *See* Fla. Stat. Ann. § 726.105 (1)(b).

87.    Consequently, the United States may set aside the fraudulent transfer of George Mandras's interest in the Johnson and Johnson retirement savings plan to Jacqueline Mandras.

88.    The United States is entitled to a judgment against Jacqueline Mandras, the recipient of this fraudulent transfer, in the amount of George Mandras's interest in the Johnson and Johnson retirement savings plan, plus prejudgment interest.  *See Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 214 (Fla. 1985) (regarding prejudgment interest).

## COUNT VI
### (To Set Aside Fraudulent Transfer of George Mandras's
### Interest in Proceeds from Sale of the 7th Avenue Property)

89.    When George Mandras transferred his entire interest in the proceeds from the sale of the 7th Avenue Property to Jacqueline Mandras on or about November 17, 2009, he had accrued income tax liabilities for tax years 2003 to 2005 and 2008.

90.    The United States had a right to payment of those liabilities, which were later assessed as described in paragraphs 47 and 50 above.

91.    At the time of the transfer, George Mandras believed, or reasonably should have believed, that he would incur debts beyond his ability to pay as they came due.

92.    George Mandras transferred his interest in the proceeds from the sale of the 7th Avenue Property to Jacqueline Mandras with actual intent to hinder, delay, or defraud the United States.  *See* Fla. Stat. Ann. § 726.105 (1)(a).

93.     Alternatively, George Mandras transferred his interest in the proceeds from the sale of the 7th Avenue Property to Jacqueline Mandras without receiving a reasonably equivalent value in exchange for the transfers.  *See* Fla. Stat. Ann. § 726.105 (1)(b).

94.     Consequently, the United States may set aside the fraudulent transfers of George Mandras's interest in the proceeds from the sale of the 7th Avenue Property to Jacqueline Mandras.

95.     The United States is entitled to a money judgment against Jacqueline Mandras, the recipient of these fraudulent transfers, in the amount of George Mandras's interest in the proceeds from the sale of the 7th Avenue Property, plus prejudgment interest.  *See Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 214 (Fla. 1985) (regarding prejudgment interest).

## COUNT VII
### (To Force the Sale of the Plantation Park Circle Property)

96.     Pursuant to Counts V and VI, the United States is entitled to a judgment in its favor arising from a civil proceeding regarding a debt.  *See* 28 U.S.C. § 3002 (8).

97.     Jacqueline Mandras is a debtor who is liable to the United States for such debt. *See* 28 U.S.C. § 3002 (3)-(4).

98.     The Plantation Park Circle Property is property belonging to the debtor, Jacqueline Mandras.  *See* 28 U.S.C. § 3002 (12).

99.     The United States may enforce its judgment against Jacqueline Mandras, and collect the debt owed, by selling the Plantation Park Circle Property.  *See* 28 U.S.C. § 3203.

100.    Accordingly, the United States is entitled to a decree permitting the United States to sell such property, after the notice and opportunity for hearing required by statute, and to apply the proceeds to the underlying debt.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court enter an order pursuant to 26 U.S.C. §§ 7402 (a) and 7403 (c), and 28 U.S.C. § 3203:

a.      granting judgment in favor of the United States and against George Mandras in the amount of $763,204.14 as of January 31, 2020, for his unpaid individual income tax liabilities for tax years 2003 through 2005 and 2008, plus interest, penalties, and other statutory additions accruing after January 31, 2020 (**COUNT I**);

b.      finding that on April 23, 2007, George Mandras fraudulently transferred his interest in the Donegal Drive Property to Jacqueline Mandras (**COUNT II**);

c.      in the alternative, finding that, since April 23, 2007, Jacqueline Mandras has held George Mandras's interest in the Donegal Drive Property as his nominee (**COUNT III**);

d.      determining the percentage of George Mandras's interest in the Donegal Drive Property, finding that the federal tax liens attached to such interest, foreclosing such federal tax liens, and decreeing that the United States may sell the Donegal Drive Property according to law, free and clear of liens and claims of the parties herein (**COUNTS II** and **III**);

e.      determining the merit and priority of the liens and/or claims of the parties to this suit to the Donegal Drive Property (**COUNT IV**), distributing the proceeds of sale accordingly, and directing that the proceeds distributed to the United States be applied to the unpaid individual income tax liabilities of George Mandras described in this Complaint;

f.      finding that on or about February 20, 2008, George Mandras fraudulently transferred his interest in the Johnson and Johnson retirement savings plan to Jacqueline Mandras (**COUNT V**);

g.      finding that on or about November 20, 2009, George Mandras fraudulently transferred his interest in the proceeds from the sale of the 7th Avenue Property to Jacqueline Mandras (**COUNT VI**);

h.      granting judgment in favor of the United States and against Jacqueline Mandras in the amount of George Mandras's interest in the Johnson and Johnson retirement savings plan and the proceeds from the sale of the 7th Avenue Property, plus prejudgment interest (**COUNTS V and VI**);

i.      decreeing that the United States may, after the notice and opportunity for hearing required by statute, sell the Plantation Park Circle Property and apply the proceeds to Jacqueline Mandras's debt to the United States (**COUNT VII**); and

j.      for such other and further relief as may be available under the law.

Dated: January 31, 2020                    Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant
Attorney General

*/s/ Allison C. Carroll*
ALLISON C. CARROLL
**Trial Counsel**
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-514-6472 (v)
202-514-4963 (f)
Allison.C.Carroll@usdoj.gov

Of Counsel

MARIA CHAPA LOPEZ
United States Attorney
Middle District of Florida

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
                                                                                        .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )      Civil Action No. |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | George Mandras, et al. |

| **(b)** County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant  Orange |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Allison C. Carroll, Trial Attorney, U.S. Department of Justice, Tax Division PO Box 14198, Ben Franklin Station, Washington, DC 20044 202-514-6472 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | Exchange |
| | Medical Malpractice | | Leave Act | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☒ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7402, 7403

Brief description of cause:
Reduce Liabilities to Judgment, Enforce Federal Tax Liens Against Real Property

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ $763,204.14 | CHECK YES only if demanded in complaint  JURY DEMAND:  ☐ Yes  ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE 01/31/2020 | SIGNATURE OF ATTORNEY OF RECORD /s/ Allison C. Carroll |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

JS 44 Reverse (Rev. 09/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.